IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| FRANK JUAN CHAVEZ, § | | |
| Reg. No. 04472-051, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | EP-18-CV-239-DCG |
| § | | |
| SCOTT HICKLIN, Warden,[1] § | | |
| Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

Frank Juan Chavez, an inmate at the La Tuna Federal Correctional Institution in Anthony, Texas,[2] challenges the Bureau of Prisons' calculation of his projected release date through a "Petition for Writ of Mandamus" (ECF No. 1). Because Chavez has an adequate means to attain his desired relief through 28 U.S.C. § 2241, the Court will construe his pleading as a petition for a writ of habeas corpus. After reviewing the petition, however, the Court finds it appears from its face that he is not entitled to § 2241 relief. The Court will, therefore, dismiss his petition without prejudice.

### BACKGROUND

On October 17, 1988, a federal court sentenced Chavez to the mandatory minimum of life in prison according to 18 U.S.C. § 1111(b) for the first degree murder of Ursulina Thompson, his estranged girlfriend, in her family's trailer on the Navajo Indian Reservation in Chinle, Arizona. Pet'r's Pet., Ex., p. 2 (Judgment and Probation/Commitment Order), ECF No. 1-1; *United States v. Chavez*, 895 F.2d 1418 (9th Cir. 1990) (table), *cert. denied*, 498 U.S. 949 (1990); *see also* 28

---

[1] Respondent's proper name is Scott Nicklin.
[2] Anthony is located in El Paso County, Texas, which is within the jurisdiction of the Western District of Texas. 28 U.S.C. § 124(d)(3) (2012).

U.S.C. § 1152 ("[T]he general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States . . . shall extend to the Indian country."). At the same time, the federal court sentenced Chavez to consecutive terms of five years' imprisonment for assault with a dangerous weapon with intent to do harm, twenty-one years' imprisonment for first degree burglary, and five years' imprisonment for using or carrying a firearm during the commission of a crime of violence. Pet'r's Pet., Ex., p. 2 (Judgment and Probation/Commitment Order), ECF No. 1-1.

On April 6, 2018, the United States Parole Commission issued a "Notice of Action," concerning Chavez's presumptive parole date, "pursuant to 28 C.F.R. §2.14." Pet'r's Pet, Ex., p. 1 (Notice of Action), ECF No 1-1. "The Commission . . . determined, based upon a progress report from the Bureau of Prisons, that [Chavez had] substantially maintained good institutional adjustment." *Id.* As a consequence, the Parole Commission continued, "[n]o change in [Chavez's] presumptive parole date of November 12, 2018 and parole effective November 12, 2018 to the consecutive 5-year non-parolable sentence. *Id.*

The Bureau of Prisons then prepared a "Service Monitoring Computation Data" report on July 2, 2018. Pet'r's Pet, Ex., p. 3 (Service Monitoring Computation Data), ECF No 1-1. The report indicated Chavez must still serve a five-year sentence, which will start as of his presumptive parole date of November 12, 2018. *Id.* The report concluded, with good time credit, his projected release date will be July 19, 2022. *Id.*

Chavez objects to the Bureau of Prisons' calculation of his release date. He asks the Court to intervene in his behalf and order the Bureau of Prisons to release him on November 12, 2018, in accordance with his understanding of the Notice of Action.

## STANDARD OF REVIEW

Mandamus petitions are governed by 28 U.S.C. § 1361, which provides that district courts "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (2012). "A writ of mandamus may issue only if (1) the petitioner has 'no other adequate means' to attain the desired relief; (2) the petitioner has demonstrated a right to the issuance of a writ that is 'clear and indisputable'; and (3) the issuing court, in the exercise of its discretion, is satisfied that the writ is 'appropriate under the circumstances.'" *In re United States ex rel. Drummond*, 886 F.3d 448, 449–50 (5th Cir. 2018) (quoting *In re Dean*, 527 F.3d 391, 394 (5th Cir. 2008) (quoting *In re United States*, 397 F.3d 274, 282 (5th Cir. 2005))).

A prisoner may attack the manner in which the Bureau of Prisons executes his sentence—including the calculation of a projected release date—through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Reyes-Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). However, "[h]abeas corpus relief is extraordinary and 'is reserved for transgressions of constitutional rights and for a narrow range of injuries that . . . if condoned, result in a complete miscarriage of justice.'" *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). A petitioner is entitled to § 2241 relief only to remedy a restraint of liberty in violation of the constitution, treaties, or laws of the United States. *United States v. Hayman*, 342 U.S. 205, 211–12 & n.11 (1952). To prevail, a habeas corpus petitioner must show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c) (2012). After an initial screening of a § 2241

3

petition, a court must order the respondent to show cause why a petition should not be granted "unless it appears from the [petition] that the [petitioner] or person detained is not entitled thereto." 28 U.S.C. § 2243 (2012).

## ANALYSIS

Chavez was sentenced to life in prison for first degree murder in accordance with the sentencing guidance in 18 U.S.C. § 1111(b). Pet'r's Pet., Ex., p. 2 (Judgment and Probation/Commitment Order), ECF No. 1-1. He was also sentenced to a consecutive term of five years in prison for using or carrying a firearm during the commission of a crime of violence, in violation of 18 U.S.C § and 924(c). Chavez now asks the Court in his "Petition for a Writ of Mandamus" to intervene in his behalf and order the Bureau of Prisons to release him on November 12, 2018—his presumptive parole date—based on his understanding of the Parole Commission's Notice of Action. Pet'r's Pet. 3, ECF No. 1. But because Chavez has an adequate means to attain his desired relief under 28 U.S.C. § 2241, the Court will construe his pleading as a petition for a writ of habeas corpus.

Before November 1, 1987, the Parole Commission and Reorganization Act of 1976 (PCRA) governed the terms of federal sentences. Pub. L. No. 94–233, § 2, 90 Stat. 219 (codified as amended at 18 U.S.C. §§ 4201–4218 (1982) (repealed 1984, effective 1987)). The PCRA empowered the Parole Commission to evaluate prisoners' behavior and to award them early release on the basis of their positive institutional adjustment. 18 U.S.C. § 4206.

Dissatisfied with this system, Congress passed the Sentencing Reform Act of 1984 (SRA). Pub. L. 98-473, Tit. II, ch. II, 98 Stat. 1987 (codified as amended at 18 U.S.C. §§ 3551–59, 3561–66, 3571–74, 3581–86, 28 U.S.C. §§ 991–98). The SRA became effective on November 1, 1987,

when it repealed and replaced the PCRA. The objective of the SRA was to phase out the Parole Commission, abolish parole, and require prisoners to serve uniform sentences under sentencing guidelines.

On December 7, 1987—thirty-six days after the SRA became effective—Congress amended the SRA to clarify that the terms of the PCRA would continue to govern sentences imposed (1) prior to the effective date of the SRA, (2) under the Uniform Code of Military Justice, and (3) by a foreign countries, but served in the United States under a prisoner transfer treaty. Sentencing Act of 1987, Pub. L. No. 100–182, § 2(b)(2), 101 Stat. 1266 (1987). It also extended the life of the Parole Commission to administer other specified sentences—including life sentences—for thirty-one years after November 1, 1987.

According to the resurrected 18 U.S.C. § 4206(d), an inmate who serves thirty years of a life sentence shall be released on mandatory parole unless the Parole Commission finds that the inmate has not complied with institutional rules or will likely commit future crimes:

> Any prisoner, serving a sentence of five years or longer, who is not earlier released under this section or any other applicable provision of law, shall be released on parole after having served two-thirds of each consecutive term or terms, or after serving thirty years of each consecutive term or terms of more than forty-five years including any life term, whichever is earlier: *Provided, however,* That the Commission shall not release such prisoner if it determines that he has seriously or frequently violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, State, or local crime.

18 U.S.C. § 4206(d) (emphasis in original).

Additionally, the regulations which continued to govern the Parole Commission allow that "[a] Commissioner may designate a case as an original jurisdiction case if the case involves an offender . . . [w]ho was sentenced to . . . life imprisonment." 28 C.F.R. § 2.17. "Upon the receipt

5

of new information of substantial significance favorable to the prisoner, the Regional Commissioner may reopen a case (including an original jurisdiction case), and order a special reconsideration hearing on the next available docket, or modify the previous decision." 28 C.F.R. § 2.28; *see also* 28 C.F.R. § 2.14 (allowing "interim hearing required by 18 U.S.C. 4208(h) . . . to consider any significant developments or changes in the prisoner's status that may have occurred subsequent to the initial hearing"). In sum, the Parole Commission regulations provide a mechanism for the federal government to parole federal inmates sentenced to life in prison.

The Parole Commission continued to exercise original jurisdiction under its regulations over Chavez's life sentence for murder. It issued a "Notice of Action" on April 6, 2018, "pursuant to 28 C.F.R. §2.14," noting that Chavez had "substantially maintained good institutional adjustment." Pet'r's Pet, Ex., p. 1 (Notice of Action), ECF No 1-1. It also stated "[n]o change in presumptive parole date of November 12, 2018 and parole effective November 12, 2018 *to the consecutive 5-year non-parolable sentence. Id.* (emphasis added).

Chavez correctly notes that in 1984, "Congress . . . moved to a system of fixed prison terms." Pet'r's Pet. 1, ECF No. 1. Using or carrying a firearm during the commission of a crime of violence is a "discrete crime" which violates 18 U.S.C. § 924(c). *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1057 (10th Cir. 2018). "The minimum prison term for the offense described in § 924(c) is five years, § 924(c)(1)(A)(i), *in addition to* 'any other term of imprisonment imposed on the [offender],' § 924(c)(1)(D)(ii)." *Abbott v. United States*, 562 U.S. 8, 12 (2010) (emphasis added).

As a result, Chavez's Service Monitoring Computation Data report indicates his consecutive five-year sentence will begin as of November 12, 2018, and with good time credit, his

projected release date will be July 19, 2022. Pet'r's Pet, Ex., p. 3 (Service Monitoring Computation Data), ECF No 1-1. It also indicates Chavez is "not eligible" for parole on this sentence. *Id.*

The Court finds no error in Chavez's Service Monitoring Computation Data report. The report is consistent with the judgment entered by the federal court in Chavez's criminal case and the applicable laws on sentencing. Hence, Chavez cannot meet his burden of showing that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

## CONCLUSIONS AND ORDERS

The Court accordingly concludes that it appears from the face of Chavez's petition and the attached exhibits that he is not entitled to relief under 28 U.S.C. § 2241. 28 U.S.C. § 2243. The Court, therefore, enters the following orders:

**IT IS ORDERED** that Petitioner Frank Juan Chavez's "Petition for a Writ of Mandamus" (ECF No. 1), which the Court construes as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, and his civil cause, are **DISMISSED WITHOUT PREJUDICE.**

**IT IS ALSO ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED.**

SIGNED this 6th day of November, 2018.

DAVID C. GUADERRAMA
**UNITED STATES DISTRICT JUDGE**